UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

LOUIS LAZAR, III,                                          :
                                                           :
            Plaintiff,                              :
                                                           :
    v.                                                 :    No. 5:20-cv-05336
                                                           :
TOWN OF WEST SADSBURY, PA, TOWN   :
SUPERVISOR ED HAAS, and                      :
CHIEF OF POLICE LUKE FIDLER,              :
                                                           :
            Defendants.                           :
_____

**O P I N I O N**

**Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 10—GRANTED**

Joseph F. Leeson, Jr.                                                              February 18, 2021
**United States District Judge**

**I.    INTRODUCTION**

*Pro se* Plaintiff Louis Lazar commenced this civil rights action against West Sadsbury Township, Pennsylvania ("the Township"),[1] and two Township officials, alleging he was unjustifiably stopped, arrested, and detained in violation of his constitutional rights. Defendant Ed Haas, who is the Township Supervisor, as well as the Township itself, now move to dismiss Lazar's claims against them.[2] Lazar opposes the motion. For the reasons set forth below, Supervisor Haas and the Township's motion to dismiss is granted.

---

[1]    Although Lazar names the "Town of West Sadsbury" as a Defendant in the caption of his Complaint, the municipality is properly identified as "West Sadsbury Township." *See* http://www.westsadsburytwp.org/.

[2]    While the text associated with the Defendants' motion on the Court's CM/ECF system states that the motion is brought on behalf of all three Defendants, there is nothing in the substance of the motion or memorandum in support indicating that the motion is being brought on behalf of Luke Fidler. Therefore, the Court construes the motion to be limited to claims

## II.     BACKGROUND

### A.     Facts alleged in the Complaint[3]

According to his Complaint,[4] Lazar avers as follows:

On April 18, 2020 my vehicle was blocked and stopped by police cruisers at the intersection of PA Rte 10 and the ingress/exit drive to West Sadsbury Commons Shopping Center. I was ordered out of my vehicle, patted down, handcuffed, shoved into and taken in a police van to Police Hqters [sic] in West Sadsbury. No reason for the arrest was given when arrested, and none given during my imprisonment[.] I was released without explanation after about 90 minutes following production of identification document.

As the subject busy intersection was blocked by police vehicles, drivers and passengers in several idling vehicles witnessed the arrest, the handcuffing, the forced entry into a police vehicle, and the vehicle's departure from the scene. After my release, during business and social meetings several inquiries were made as to what transpired, and what the reason for [ ] my arrest was.

I have made six (6) requests for the Police Report describing the incident; three (3) by personal appearance at West Sadsbury Police Hqters [sic], and three (3) in writing. All requests have been ignored.

Chief of West Sadsbury Police Luke Fidler was one of the arresting officers. I do not know the name of the second police officer at the scene. I do not personally know Mr. Ed Haas, Supervisor/Chairman of West Salisbury Township. Two (2) letters to him for copy of the Police Report describing the incident were ignored without reply.

---

against the Township and Supervisor Haas, and there is no dismissal with respect to claims brought against Luke Fidler.

[3]     The Court takes these allegations verbatim from Lazar's Complaint.  These allegations are accepted as true, with all reasonable inferences drawn in Lazar's favor.  *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018). Additionally, as he is a *pro se* litigant, the Court has an obligation to construes Lazar's filings liberally.  *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  However, neither conclusory assertions nor legal contentions need be considered by the Court in determining the viability of Lazar's claims.  *See Brown v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-CV-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019).

[4]     Lazar has utilized the Eastern District of Pennsylvania's form *pro se* complaint.

Lazar's Complaint ("Compl."), ECF No. 1, at 3. Based on these allegations, Lazar claims a "violation of [the] US Constitution, Amendment 4 (Four)," and a "violation of [the] 1964 Civil Rights Act." *Id*. at 2.

As to the nature of the relief he is requesting, Lazar states the following:

I am a business consultant on national/international [sic] level. For a consultant to obtain work assignments--our business--he/she must have a sterling, spotless reputation for honesty and absolute integrity. Those qualities, once damaged, are nearly impossible to re-establish[.]

[I] Respectfully request the Court to order Defendants to

- Produce [the] Police Report prepared on the case, which, if truthfully and correctly written, will exonerate me completely, one that I may show to clients/would-be clients who heard/know about the arrest, the spectacle it was, at a very busy spot (near US 30 and PA 10), and witnessed by dozens of onlookers. Clients will be concerned about it, and lean to award the assignment to a competitor because of that spot on essential qualities they look for when choosing the successful bidder. Bad, damaging news spread [sic] very fast; and
- Pay monetary compensation of $150,000 (one hundred and fifty thousand Dollars) for damages to reputation, resulting in lost business.

Compl. at 4.

### B.   Procedural Background

Lazar commenced this action with the filing of his Complaint on October 23, 2020. *See* ECF No. 1. Defendants thereafter waived service of process, and Supervisor Haas and the Township subsequently moved to dismiss Lazar's Complaint. *See* ECF Nos. 6-10. Lazar filed a brief in opposition to the motion to dismiss. *See* ECF No. 11. Defendants did not file a reply in further support of their motion.

## III.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(6)

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the appropriate pleading standard in civil cases and set forth the approach to be used when deciding motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

After identifying a claim's necessary elements,[5] district courts are to "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679; *see id*. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Thourot v. Monroe Career & Tech. Inst*., No. CV 3:14-1779, 2016 WL 6082238, at *2 (M.D. Pa. Oct. 17, 2016) (explaining that "[a] formulaic recitation of the elements of a cause of action" alone will not survive a motion to dismiss).  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Next, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  This standard, commonly referred to as the "plausibility

---

[5] The Third Circuit has identified this approach as a three-step process, with identification of a claim's necessary elements being the first step. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 n.4 (3d Cir. 2016) ("Although *Ashcroft v. Iqbal* described the process as a 'two-pronged approach,' 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675-79.  Thus, we have described the process as a three-step approach.") (citation omitted).

standard," "is not comparable to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556-57). It is only where the "[f]actual allegations . . . raise a right to relief above the speculative level" that the plaintiff has stated a plausible claim.[6] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

Putting these steps together, the Court's task in deciding a motion to dismiss for failure to state a claim is to determine the following: whether, based upon the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face in light of the claim's necessary elements. *Iqbal*, 556 U.S. at 679; *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set out sufficient factual matter to show that its claims are facially plausible."); *see Connelly*, 809 F.3d at 787.

In adjudicating a Rule 12(b)(6) motion, the scope of what a court may consider is necessarily constrained: a court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *United States v. Gertsman*, No. 15 8215, 2016 WL 4154916, at *3 (D.N.J. Aug. 4, 2016) (quoting *Guidotti v. Legal Helpers Debt Resolution*, L.L.C., 716 F.3d 764, 772 (3d Cir. 2013)). A court adjudicating a Rule 12(b)(6) motion may also take judicial notice of certain undisputed facts. *See Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, No. CV 15-3435, 2017 WL 5668053, at *9 (E.D. Pa. Nov. 27, 2017).

---

[6]  As the Supreme Court has observed, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Construing the filings of *pro se* Litigants

It is well known that courts have an obligation to construe the filings of *pro se* litigants liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). This of course extends to the construction of *pro se* pleadings, such as Lazar's Complaint here. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."), *as amended*, (Sept. 19, 2011); *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Although *pro se* litigants are entitled to liberality with respect to the substance of their filings, "[a]the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

### IV. ANALYSIS

As noted previously, Lazar's Complaint claims a "violation of [the] US Constitution, Amendment 4 (Four)," as well as a "violation of [the] 1964 Civil Rights Act." Compl. at 2. Because it is unclear what provision(s) of the Civil Rights Act of 1964 Lazar is attempting to invoke, and because the Court cannot address the viability of any such claim(s) vis-à-vis the several Defendants without this information, the Court limits its discussion below to the viability of Lazar's Fourth Amendment claims—presumably false arrest and false imprisonment.

### A. Lazar's claims against Supervisor Haas fail

As an initial matter, the Court observes that claims against a municipal official in his or her official—as opposed to personal—capacity are duplicative of claims against the municipality itself. *See Acosta v. Democratic City Comm.*, 288 F. Supp. 3d 597, 639 n.27 (E.D. Pa. 2018) ("Suits against state actors in their official capacity, in contrast to personal capacity suits,

'generally represent only another way of pleading an action against an entity of which an officer is an agent.' Provided that 'the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985))); *Myers v. City of Wilkes-Barre*, No. 3:18-CV-42, 2019 WL 210938, at *6 (M.D. Pa. Jan. 15, 2019) ("Where both the City of Wilkes-Barre and Defendants George and Lendacky have been sued for the violations of Plaintiff's First Amendment rights, the claims against Defendants George and Lendacky in their official capacities are duplicative of the claims against the City of Wilkes-Barre and those individual defendants will thus be dismissed in their official capacities . . . ."). As a consequence, any claims Lazar may be attempting to assert against Township Supervisor Ed Haas in his *official* capacity are duplicative of Lazar's claims against the Township itself. Any such claims fail as a matter of law and are dismissed, with prejudice.

Turning to claims Lazar may be attempting to assert against Supervisor Haas in his *personal* capacity, such claims must also fail, however for a different reason: There are no allegations in Lazar's Complaint capable of supporting a plausible inference that Haas was personally involved in the alleged false arrest and false imprisonment that form the basis of this lawsuit. Title 42 U.S.C. § 1983,[7] which provides the right of action upon which Lazar founds his

---

[7] Section 1983 provides in pertinent part that "[e]very person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." Importantly, § 1983 "is not itself a source of substantive rights;" rather, the statute provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Grammer v. John J. Kane Reg'l Centers-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) (explaining that § 1983 "is a vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws'"); *see Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d

claims of deprivation of federal rights, requires that an individual defendant be personally involved in any alleged deprivation. *Blizzard v. Commander, Del. State Police Troop Nine*, 725 F. Supp. 2d 469, 473 (D. Del. 2010) ("An action under § 1983 is not barred as a matter of law against a public official in his personal capacity. However, '[an individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing . . . .'" (citing *Hafer v. Melo*, 502 U.S. 21, 29 (1991) and quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988))); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." (quoting *Rode*, 845 F.2d at 1207)).  Since there are no allegations in the Complaint from which one could plausibly infer that Ed Haas was *personally* involved in Lazar's stop, arrest, and detention, and because it is implausible that he would be personally involved in any of this conduct in light of his municipal office—Township Supervisor—any claim against Haas in his personal capacity necessarily fails.[8]

However, "a plaintiff will [generally] be given the opportunity to amend h[is] complaint when there is an asserted defense of failure to state a claim."[9]  *Kanter v. Barella*, 489 F.3d 170,

---

412, 422 (3d Cir. 2004) ("Once the plaintiff establishes the existence of a federal right, there arises a rebuttable presumption that the right is enforceable through the remedy of § 1983.").

[8]     Lazar appears to concede that any claim against Supervisor Haas is in reality a claim arising out of conduct of the Township's police force. *See* Lazar's Opposition to Defendants' Motion ("Lazar Opp'n."), ECF No. 11 ("[T]he Town of West Sadsbury and Town Supervisor Ed Haas bear direct responsibility for the actions of their police force.").

[9]     This general rule is subject to several limited exceptions. *See Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012) (explaining that a district court may deny leave to amend a complaint where (1) there has been undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the opposing party).

181 (3d Cir. 2007); *see also* FED. R. CIV. P. 15(a)(2) (providing that leave to amend pleadings, when not as of right, should be "freely give[n] when justice so requires"). It appears unlikely that there exist any facts capable of supporting an inference that Haas, as Township Supervisor, was personally involved in the stop, arrest, and detention which form the basis of this lawsuit. Nevertheless, in an abundance of caution, the Court will grant leave to amend the Complaint for purposes of re-pleading personal capacity § 1983 claims for false arrest and false imprisonment against Supervisor Haas. Lazar is cautioned that he should only attempt to re-plead these claims if he can, in good faith, plead facts capable of supporting a plausible inference that Supervisor Haas was *personally* involved in his stop, arrest, and detention.

### B. Lazar's claims against West Sadsbury Township fail

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court overruled its holding in *Monroe v. Pape* that "Congress did not undertake to bring municipal corporations within the ambit of [42 U.S.C. § 1983]."[10] 365 U.S. 167, 187 (1961). Since *Monell*, it has been well settled that local governments can be liable as "persons" under Section 1983; however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986)); *see Monell,* 436 U.S., at 665-83. This limitation is a corollary of the established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality

---

[10] In reversing course from its decision in *Pape*, the Court in *Monell* stated as follows: "Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. at 690 (emphasis in original).

cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original).

To avoid § 1983 municipal liability collapsing into vicarious liability, a § 1983 plaintiff seeking to recover against a municipality must, in the context of a Rule 12(b)(6) motion to dismiss, plead facts capable of supporting a plausible inference that the complained-of injury was caused directly by a local government's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."[11]  *Harris v. City of Philadelphia*, 171 F. Supp. 3d 395, 400 (E.D. Pa. 2016) (quoting *Monell*, 436 U.S. at 694).  That is to say, a municipal policy or custom—as opposed to the independent conduct of a municipal employee—must be the "driving force" behind the alleged harm.  *Weston v. City of Philadelphia*, 82 F. Supp. 3d 637, 649 (E.D. Pa. 2015).  In this context, a municipal "[p]olicy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict."  *Does v. Se. Delco Sch. Dist.*, 272 F. Supp. 3d 656, 667 (E.D. Pa. 2017) (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)).  A municipal custom, on the other hand, "is established 'by showing that a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Kelty v. City of Philadelphia*, No. CV 16-0306, 2016 WL 8716437, at *3 (E.D. Pa. June 10, 2016) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

Here, there are simply no allegations in the Complaint from which one could plausibly infer that the Fourth Amendment violations of which Lazar complains—false arrest and false imprisonment—were directly caused by any policy or custom of West Sadsbury Township.

---

[11]  A viable § 1983 claim also requires the existence of "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *Harris*, 171 F. Supp. 3d at 400 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Indeed, as previously noted, in arguing that "the Town of West Sadsbury and Town Supervisor Ed Haas bear direct responsibility for the actions of their police force," Lazar Opp'n., Lazar appears to concede that his claims against the Township actually sound in *respondeat superior*. Such claims cannot be raised by way of § 1983.

However, the Court cannot say that there exist no facts which Lazar could assert to support a viable § 1983 Fourth Amendment claim against the Township. Therefore, in light of the general rule that "a plaintiff will be given the opportunity to amend h[is] complaint when there is an asserted defense of failure to state a claim," *Kanter*, 489 F.3d at 181, Lazar will be permitted to amend his Complaint to re-plead § 1983 claims against the Township for false arrest and false imprisonment in violation of his Fourth Amendment rights. As with his claims against Supervisor Haas, Lazar is cautioned that he should only attempt to re-plead his claims against the Township if he is able to allege facts capable of supporting a plausible inference that the deprivation from which he suffered was directly caused by a policy or custom of the Township.

### C. Lazar's claims for "violation of [the] 1964 Civil Rights Act" are dismissed

Finally, as noted at the outset of the Court's discussion, Lazar's Complaint refers to a "violation of [the] 1964 Civil Rights Act" in addition to his Fourth Amendment claims. Compl. at 2. "The Civil Rights Act of 1964, comprised of eleven titles and numerous sections, has been called the 'most comprehensive undertaking' to prevent and address discrimination in a wide range of contexts." Congressional Research Service, C. Back, *The Civil Rights Act of 1964: An Overview*, p. 1 (September 21, 2020). It is in no way clear what provision(s) of the Civil Rights Act of 1964 Lazar is attempting to invoke by his vague reference to the Act, and the Court cannot address the viability of his non-descript claim(s) based solely on a general reference to the Act. Any claims premised on the Civil Rights Act of 1964 are therefore dismissed.

However, Lazar shall be permitted to amend his Complaint to re-plead a claim or claims under the Civil Rights Act of 1964 if he can (1) point to the specific provision(s) of the Act upon which his claim is/claims are based, and (2) plead facts plausibly supporting an entitlement to relief under such provision(s).

## V.    CONCLUSION

For the reasons set forth above, the motion to dismiss brought by West Sadsbury Township and Township Supervisor Ed Haas is granted. Lazar's claims against Supervisor Haas in his official capacity are dismissed, with prejudice, as duplicative of claims against the Township itself. Lazar's claims against Supervisor Haas in his personal capacity are dismissed, without prejudice and with leave to re-plead, *if* Lazar can plead facts capable of supporting a plausible inference that Haas was personally involved in Lazar's stop, arrest, and detention. Lazar's claims against the Township are dismissed, without prejudice and with leave to re-plead, *if* Lazar can plead facts capable of supporting a plausible inference that the deprivation from which he suffered was a direct result of a policy or custom of the Township. Finally, any claims premised on the Civil Rights Act of 1964 are dismissed, without prejudice and with leave to re-plead, *if* Lazar can point to specific provision(s) of the Act authorizing his claims, as well as plead facts plausibly supporting an entitlement to relief under such provision(s). Should Lazar choose to file an Amended Complaint consistent with these directives, he must do so within thirty (30) days of this Opinion.

A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge