UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

LOUIS LAZAR, III,                          :
                                           :
               Plaintiff,                  :
                                           :
       v.                                  :    No. 5:20-cv-05336
                                           :
TOWN OF WEST SADSBURY, PA,                 :
                                           :
               Defendants.                 :
_____

**O P I N I O N**

**Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 15—GRANTED**

**Joseph F. Leeson, Jr.**                                      **June 17, 2021**
**United States District Judge**

## I.   INTRODUCTION

This Opinion concerns the Amended Complaint filed by the *pro se* Plaintiff in this matter, Louis Lazar III ("Lazar"). Lazar filed his Amended Complaint after this Court granted a motion to dismiss Lazar's initial Complaint filed by Defendants West Sadsbury Township ("the Township"), and Ed Haas, who is the Township Supervisor. Lazar's Amended Complaint names the Township as the sole defendant, claiming that the Township violated his constitutional rights when members of the West Sadsbury Police Department unjustifiably stopped, arrested, and detained him. The Township moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Township's motion to dismiss Lazar's Amended Complaint is granted, and the Amended Complaint is dismissed, with prejudice.

II.   BACKGROUND

    A.   **Facts alleged in the Amended Complaint**[1]

According to his Amended Complaint, Lazar asserts the following:

On April 18, 2020 West Sadsbury Police ("WSP") without a Warrant, in violation of Amendment Four to the United States Constitution, arrested, handcuffed and transported Plaintiff to the Police Station. The action is more particularly described in the Complaint. The arrest tied up traffic, and created a public spectacle at the busy intersection of Rte 10 and the entry point to the Shopping Center known as West Sadsbury Commons, in West Sadsbury, PA.

The police force known as West Sadsbury Police is employed by West Sadsbury Township (the "Town"). The force is commanded by Captain Luke Fidler. Whether West Sadsbury Police is employed by the Town and payed directly from the Town's payroll, or is employed on a contract is of no import to the case. The fact is West Sadsbury Police acts at all times as the Town's agent, is paid for its services, takes its orders from, supervised by and is responsible for its actions/inactions to its employer, West Sadsbury Township.

West Sadsbury Police has failed to make available to Plaintiff Police Report prepared on the case by WSP (the "Report"). After several unsuccessful attempts to obtain Police Report from WSP, Plaintiff turned to WSP's employer, West Sadsbury Township, requesting, in writing, that the Town order its employee, WSP, to make available the Report to Plaintiff forthwith (Attachment "A"). To this date neither the Town nor WSPD has produced the Report.

For several months prior to and for the months following the arrest, Plaintiff, an international economic and business consultant, was in negotiations for a sizable consulting contract with a multinational business firm (the "Firm"). As per reliable feedback from a confidential source within the Firm, Plaintiff was in the leading position vis-a-vis competitors to obtain the contract. In the vetting process leading to awarding the Contract, Plaintiff was required to submit a list of all legal actions against him, both past and present, and the resolution of all such actions. Plaintiff listed the arrest on April 18, 2020 with the comment that it resulted in no charge

---

[1]   The Court takes these allegations verbatim from Lazar's Amended Complaint. These allegations are accepted as true, with all reasonable inferences drawn in Lazar's favor. *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018). Additionally, as he is a *pro se* litigant, the Court has an obligation to construe Lazar's filings liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). However, neither conclusory assertions nor legal contentions need be considered by the Court in determining the viability of Lazar's claims. *See Brown v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-CV-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019).

> filed against him. However, in the absence of the PR, Plaintiff was unable to document that he was clean. Consequently, he was dropped from further consideration.

Lazar's Amended Complaint ("Am. Compl."), ECF No. 14, at 1-2. Grounded on these allegations, Lazar claims a "violation of Amendment Four to the United States Constitution." *Id*. at 1.

> In requesting relief, Lazar states that:
>
> Confidentiality, reliability and clean legal background are essential qualities a business consultant must possess. By failure to order its employee, SPD, to issue the PR on the case in a timely manner, the Town fatally damaged Plaintiff's leading position to obtain the desired contract, resulting in a sizable financial loss to Plaintiff.
>
> Based on the foregoing, Plaintiff prays for judgment of
>
> issuance of a Police Report that makes it explicit that arrest and detention was the result of overzealous police activity performed in violation of Plaintiff's constitutional rights;
>
> one hundred and fifty thousand ($150,000) Dollars as compensation for financial damages, public humiliation, loss of reputation for honesty and professionalism suffered; and
>
> other good and valuable compensation the Court deems appropriate.

*Id*. at 2.

### B. Procedural Background

Lazar commenced this action with the filing of his Complaint on October 23, 2020. *See* ECF No. 1. Defendants thereafter waived service of process, and Supervisor Haas and the Township subsequently moved to dismiss Lazar's Complaint. *See* ECF Nos. 6-10. Lazar filed a brief in opposition to the motion to dismiss. *See* ECF No. 11. Defendants did not file a reply in further support of their motion. On February 18, 2021, this Court issued an Opinion and Order granting the Defendant's motion to dismiss; however, the Court provided Lazar the opportunity

to amend his Complaint. *See* ECF Nos. 12-13. Lazar filed an Amended Complaint on March 22, 2021, naming only the Township as a defendant. *See* ECF No. 14. The Township consequently moved to dismiss Lazar's Amended Complaint. *See* ECF No. 15. On June 4, 2021, the Court issued an Order directing Lazar to file a response to the Township's motion to dismiss. *See* ECF No. 16.  Lazar filed his opposition to the motion on June 16, 2021. *See* ECF No. 18.

## III.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the appropriate pleading standard in civil cases and set forth the approach to be used when deciding motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

After identifying a claim's necessary elements,[2] district courts are to "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679; *see id*. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Thourot v. Monroe Career & Tech. Inst.*, No. CV 3:14-1779, 2016 WL 6082238, at *2 (M.D. Pa. Oct. 17, 2016) (explaining that "[a] formulaic recitation of the elements of a cause of action" alone will not survive a motion to dismiss).  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

---

[2] The Third Circuit has identified this approach as a three-step process, with identification of a claim's necessary elements being the first step. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 n.4 (3d Cir. 2016) ("Although *Ashcroft v. Iqbal* described the process as a 'two-pronged approach,' 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675-79.  Thus, we have described the process as a three-step approach.") (citation omitted).

Next, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  This standard, commonly referred to as the "plausibility standard," "is not comparable to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556-57).  It is only where the "[f]actual allegations . . . raise a right to relief above the speculative level" that the plaintiff has stated a plausible claim.[3]  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

Putting these steps together, the Court's task in deciding a motion to dismiss for failure to state a claim is to determine the following:  whether, based upon the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face in light of the claim's necessary elements. *Iqbal*, 556 U.S. at 679; *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set out sufficient factual matter to show that its claims are facially plausible."); *see Connelly*, 809 F.3d at 787.

In adjudicating a Rule 12(b)(6) motion, the scope of what a court may consider is necessarily constrained:  a court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the

---

[3]   As the Supreme Court has observed, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

complainant's claims are based upon these documents." *United States v. Gertsman*, No. 15 8215, 2016 WL 4154916, at *3 (D.N.J. Aug. 4, 2016) (quoting *Guidotti v. Legal Helpers Debt Resolution*, L.L.C., 716 F.3d 764, 772 (3d Cir. 2013)).  A court adjudicating a Rule 12(b)(6) motion may also take judicial notice of certain undisputed facts.  *See Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, No. CV 15-3435, 2017 WL 5668053, at *9 (E.D. Pa. Nov. 27, 2017).

**B.     Construing the filings of *pro se* Litigants**

It is well known that courts have an obligation to construe the filings of *pro se* litigants liberally.  *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  This of course extends to the construction of *pro se* pleadings, such as Lazar's Complaint here.  *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."), *as amended*, (Sept. 19, 2011); *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).  Although *pro se* litigants are entitled to liberality with respect to the substance of their filings, "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

**IV.    ANALYSIS**

As with its initial motion to dismiss, the Township moves to dismiss Lazar's Amended Complaint on the grounds that Lazar has failed to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Lazar's Amended Complaint supersedes his original Complaint and because he has failed to allege that the Township's policies or customs were the cause of his injuries, Lazar's Fourth Amendment claim necessarily fails.

      A.      **Lazar's Amended Complaint supersedes his original Complaint.**

In his Amended Complaint, Lazar states that the "action is more particularly described in the Complaint." [4] ECF No. 14. However, as the Third Circuit has explained, "[a]n amended complaint supercedes [sic] the original version in providing the blueprint for the future course of a lawsuit." *Snyder v. Pascack Valley Hospital*, 303 F.3d 271, 276 (3d Cir. 2002). "[I]n general, an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (citing *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).[5] Additionally, and crucially, the Court explicitly stated that Lazar was "on notice that any Amended Complaint that he files will completely supersede his initial Complaint; as such, any Amended Complaint must include all relevant factual allegations and legal claims." ECF No. 13, at n.1. For these reasons, Lazar cannot rely on allegations contained in his initial Complaint; his Amended Complaint supersedes the original Complaint and is the sole operative pleading.

---

[4]     Lazar refers to the factual recitation of his arrest and subsequent release. He states: "I was ordered out of my vehicle, patted down, handcuffed, shoved into and taken in a police van to Police Hqters [sic] in West Sadsbury. No reason for the arrest was given when arrested, and none given during my imprisonment[.] I was released without explanation after about 90 minutes following production of identification document." Complaint, ECF No. 1, at 3.

[5]     There may be an exception to this rule when an amended pleading explicitly seeks to incorporate allegations from a previous pleading. *See W. Run Student Hous.*, 712 F.3d at 171. ("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996))). However, this exception does not apply here because Lazar failed to state that he was incorporating any prior allegations. Additionally, the Court specifically instructed Lazar that he must include all pertinent allegations in his Amended Complaint. *See* ECF No. 13, at n.1. What is more, even if Lazar's initial allegations were taken into consideration, there is nothing that would act to save his Fourth Amendment claim against the Township.

B.    **Lazar's claim against West Sadsbury Township fails**

Title 42 U.S.C. § 1983,[6] provides the right of action upon which Lazar founds his claims of deprivation of federal rights. In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court overruled its holding in *Monroe v. Pape* that "Congress did not undertake to bring municipal corporations within the ambit of [42 U.S.C. § 1983]."[7] 365 U.S. 167, 187 (1961). Since *Monell*, it has been well settled that local governments can be liable as "persons" under Section 1983; however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986)); *see Monell*, 436 U.S., at 665-83. This limitation is a corollary of the established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original).

---

[6]    Section 1983 provides in pertinent part that "[e]very person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." Importantly, § 1983 "is not itself a source of substantive rights;" rather, the statute provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) (explaining that § 1983 "is a vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws'"); *see Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d 412, 422 (3d Cir. 2004) ("Once the plaintiff establishes the existence of a federal right, there arises a rebuttable presumption that the right is enforceable through the remedy of § 1983.").

[7]    In reversing course from its decision in *Pape*, the Court in *Monell* stated as follows: "Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. at 690 (emphasis in original).

To avoid § 1983 municipal liability collapsing into vicarious liability, a § 1983 plaintiff seeking to recover against a municipality must, in the context of a Rule 12(b)(6) motion to dismiss, plead facts capable of supporting a plausible inference that the complained-of injury was caused directly by a local government's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."[8] *Harris v. City of Philadelphia*, 171 F. Supp. 3d 395, 400 (E.D. Pa. 2016) (quoting *Monell*, 436 U.S. at 694). That is to say, a municipal policy or custom—as opposed to the independent conduct of a municipal employee—must be the "driving force" behind the alleged harm. *Weston v. City of Philadelphia*, 82 F. Supp. 3d 637, 649 (E.D. Pa. 2015). In this context, a municipal "[p]olicy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Does v. Se. Delco Sch. Dist.*, 272 F. Supp. 3d 656, 667 (E.D. Pa. 2017) (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). A municipal custom, on the other hand, "is established 'by showing that a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Kelty v. City of Philadelphia*, No. CV 16-0306, 2016 WL 8716437, at *3 (E.D. Pa. June 10, 2016) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

In its Opinion issued on February 18, 2021, this Court informed Lazar that "he should only attempt to re-plead his claims against the Township if he is able to allege facts capable of supporting a plausible inference that the deprivation from which he suffered was directly caused by a policy or custom of the Township." ECF No. 12, at 11. Notwithstanding the obligation of the Court to liberally construe *pro se* pleadings, the Amended Complaint cannot be construed to

---

[8] A viable § 1983 claim also requires the existence of "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Harris*, 171 F. Supp. 3d at 400 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

plausibly allege that the Fourth Amendment violations of which Lazar complains—false arrest and false imprisonment—were directly caused by any policy or custom of West Sadsbury Township. There are simply no allegations that plausibly implicate—let alone identify—any municipal policy or custom whatsoever.

Lazar's Amended Complaint avers that "West Sadsbury Police act[] at all times as the Town[ship]'s agent, is paid for it services, takes its orders from, supervised by and is responsible for its actions/inactions to it employer, West Sadsbury Township." Am. Compl. at 1. Similarly, his sole argument against dismissal is the following:

> The police force known as West Sadsbury Police is employed by the Town of West Sadsbury. The force is commanded by Captain Luke Fidler. Whether West Sadsbury Police is employed by the Town and payed directly from the Town's payroll, or employed on a contractual basis is of no import to the case. The fact is West Sadsbury Police is paid for.its services, takes its orders from, supervised by and is responsible for its actions/inactions to its employer, the Town of West Sadsbury.
>
> Consequently, the Town of West Sadsbury bears direct responsibility for actions of its police force.

ECF No. 18.

From his allegations and arguments against dismissal, it is clear Lazar is contending that the Township is liable on a theory of *respondeat superior*. As the Court has explained at length, "such claims cannot be raised by way of § 1983." ECF No. 12, at 11. In the absence of any allegations as to a policy or custom of the Township, Lazar's Fourth Amendment claim against the Township necessarily fails.

V.   **CONCLUSION**

Lazar is limited to the claims and allegations made in his Amended Complaint. The Amended Complaint contains no allegations that a Township policy or custom deprived him of his Fourth Amended rights. Therefore, and notwithstanding the several directives on how to

successfully state a valid claim against the Township as set forth in the Court's previous Opinion, Lazar's Amended Complaint, like his first, fails to state any viable claim for municipal liability. As Lazar's two Complaints have been insufficiently pleaded, it is clear that any additional amendments would be futile. Consequently, the motion to dismiss brought by West Sadsbury Township is granted, and Lazar's Amended Complaint is dismissed, with prejudice.

A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge