UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

LOUIS LAZAR, III, :
:
          Plaintiff, :
:
v. :    No. 5:20-cv-05336
:
TOWN OF WEST SADSBURY, PA, :
:
          Defendant. :

**O P I N I O N**

**Plaintiff's Petition for Reconsideration, ECF No. 21—DENIED**

**Joseph F. Leeson, Jr.**                                                             **September 30, 2021**
**United States District Judge**

**I.    INTRODUCTION**

*Pro se* plaintiff Louis Lazar III filed a Complaint against West Sadsbury Township ("the Township"), and two Township officials, Ed Haas and Luke Fidler, alleging violation of his constitutional rights. Compl., ECF No. 1.

The Court dismissed the Complaint for failure to state a claim, but granted Lazar "leave to re-plead." First Order (02/18/2021), ECF No. 13. He later filed an Amended Complaint. Amend. Compl., ECF No. 14.

In his Amended Complaint, Lazar named "West Sadsbury Township of PA, et al." as the lone defendant. *See id*. Similar to the original Complaint, the Amended Complaint alleged that the Township violated his constitutional rights when members of the West Sadsbury Police Department unjustifiably stopped, arrested, and detained him. The Township moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and this Court

granted that motion. Second Order (06/17/2021), ECF No. 20. Lazar then filed a petition with the Court to reconsider the Second Order (06/17/2021) dismissing his Amended Complaint, which closed this case.  Pet., ECF No. 21.

For the following reasons, Lazar's petition to reconsider the dismissal of the case is denied.

## II.   BACKGROUND

### A.   Facts alleged in the Amended Complaint[1]

According to his Amended Complaint, Lazar asserts the following:

> On April 18, 2020 West Sadsbury Police ("WSP") without a Warrant, in violation of Amendment Four to the United States Constitution, arrested, handcuffed and transported Plaintiff to the Police Station. The action is more particularly described in the Complaint. The arrest tied up traffic, and created a public spectacle at the busy intersection of Rte 10 and the entry point to the Shopping Center known as West Sadsbury Commons, in West Sadsbury, PA.
>
> The police force known as West Sadsbury Police is employed by West Sadsbury Township (the "Town"). The force is commanded by Captain Luke Fidler. Whether West Sadsbury Police is employed by the Town and payed directly from the Town's payroll, or is employed on a contract is of no import to the case. The fact is West Sadsbury Police acts at all times as the Town's agent, is paid for its services, takes its orders from, supervised by and is responsible for its actions/inactions to its employer, West Sadsbury Township.
>
> West Sadsbury Police has failed to make available to Plaintiff Police Report prepared on the case by WSP (the "Report"). After several unsuccessful attempts to obtain Police Report from WSP, Plaintiff turned to WSP's employer, West Sadsbury Township, requesting, in writing, that the Town order its employee, WSP,

---

[1]   The Court takes these allegations verbatim from Lazar's Amended Complaint. These allegations are accepted as true, with all reasonable inferences drawn in Lazar's favor. *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018). Additionally, as he is a *pro se* litigant, the Court has an obligation to construe Lazar's filings liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). However, neither conclusory assertions nor legal contentions need be considered by the Court in determining the viability of Lazar's claims. *See Brown v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-CV-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019).

> to make available the Report to Plaintiff forthwith (Attachment "A"). To this date neither the Town nor WSPD has produced the Report.
>
> For several months prior to and for the months following the arrest, Plaintiff, an international economic and business consultant, was in negotiations for a sizable consulting contract with a multinational business firm (the "Firm"). As per reliable feedback from a confidential source within the Firm, Plaintiff was in the leading position vis-a-vis competitors to obtain the contract. In the vetting process leading to awarding the Contract, Plaintiff was required to submit a list of all legal actions against him, both past and present, and the resolution of all such actions. Plaintiff listed the arrest on April 18, 2020 with the comment that it resulted in no charge filed against him. However, in the absence of the PR, Plaintiff was unable to document that he was clean. Consequently, he was dropped from further consideration.

Amend. Compl. at 1-2. Grounded on these allegations, Lazar claimed a "violation of Amendment Four to the United States Constitution." *Id*. at 1.

In requesting relief, Lazar stated that:

> Confidentiality, reliability and clean legal background are essential qualities a business consultant must possess. By failure to order its employee, SPD, to issue the PR on the case in a timely manner, the Town fatally damaged Plaintiff's leading position to obtain the desired contract, resulting in a sizable financial loss to Plaintiff.
>
> Based on the foregoing, Plaintiff prays for judgment of
>
> issuance of a Police Report that makes it explicit that arrest and detention was the result of overzealous police activity performed in violation of Plaintiff's constitutional rights;
>
> one hundred and fifty thousand ($150,000) Dollars as compensation for financial damages, public humiliation, loss of reputation for honesty and professionalism suffered; and
>
> other good and valuable compensation the Court deems appropriate.

*Id*. at 2.

### B.     Procedural Background

Lazar commenced this action with the filing of his Complaint on October 23, 2020, naming the Township, Ed Haas, and Luke Fidler as defendants. *See* Compl. Defendants

thereafter waived service of process, and Supervisor Haas and the Township subsequently moved to dismiss Lazar's Complaint. *See* ECF Nos. 6-10. Lazar filed a brief in opposition to the motion to dismiss. *See* ECF No. 11. Defendants did not file a reply in further support of their motion. On February 18, 2021, this Court issued the First Order (02/18/2021), which did not address defendant Fidler, granting the Defendants' motion to dismiss; however, the Court provided Lazar the opportunity to amend his Complaint. *See* First Order (02/18/2021).

Lazar filed an Amended Complaint on March 22, 2021. Amend. Compl. In his Amended Complaint, Lazar named a single defendant: "West Sadsbury Township of PA, et al." *Id*. The Township consequently moved to dismiss the Amended Complaint. *See* ECF No. 15. On June 4, 2021, the Court issued an Order directing Lazar to file a response to the Township's motion to dismiss. *See* ECF No. 16.  Lazar filed his opposition to the motion on June 16, 2021. *See* Resp*.,* ECF No. 18. On June 17, 2021, the Court granted the Township's motion to dismiss for failure to state a claim upon which relief can be granted. *See* Second Order (06/17/2021). Since the Township was the only defendant named in the Amended Complaint, the Second Order (06/17/2021) also ordered the case closed. *Id*. Lazar now moves the Court to reconsider its Second Order (06/17/2021). *See* Pet.

III. **LEGAL STANDARD**

    A. **Construing the Filings of *Pro Se* Litigants – Review of Applicable Law**

It is well established that courts have an obligation to construe the filings of *pro se* litigants liberally.  *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  This extends to the construction of pleadings, motions and petitions.  *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established." (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S.

519, 520–21 (1972))), *as amended*, (Sept. 19, 2011); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Although *pro se* litigants are entitled to a liberal interpretation with respect to the substance of their filings, "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

> **B.** **Petition to Reconsider – Review of Applicable Law**

A petition to reconsider is used "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Id*. (citing *N. River. Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

**IV.   ANALYSIS**

In Lazar's Petition, he contends that this Court should reconsider its Second Order (06/17/2021) for two reasons. First, Lazar argues that the case should not have been closed because there was one remaining defendant—Fidler. Second, Lazar argues that the Court misapplied *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) in its Second Order (06/17/2021). Because Lazar's Amended Complaint supersedes his original Complaint, and because he misinterprets *Monell,* his petition to reconsider is denied.

### A. Fidler was not a named defendant in the Amended Complaint.

Lazar asserts that the Court was wrong to close the case because there are still pending claims against Fidler. Pet. at 1–2. He argues that the First Order (02/18/2021) did not dismiss his claims against Fidler and that his "leave to re-plead" referred only to the Township, not Fidler. This argument fails for the same reason that Lazar's argument in his Response to the Township's second motion to dismiss failed—it relies on the mistaken belief that the Court will consider Lazar's original Complaint even though he filed an Amended Complaint. As a result, much of this Opinion is a restatement of the Court's prior Opinion. *See* ECF No. 19.

In his Amended Complaint, Lazar stated that his "action is more particularly described in the Complaint." [2] Amend. Compl. The Amended Complaint listed only the Township in the caption and goes on to state that it was a complaint "against the West Sadsbury Township Pa." *Id*. at 1. The Amended Complaint mentioned Fidler only once, stating that the police "force is commanded by Captain Luke Fidler." *Id*. However, no other indication was given in the Amended Complaint that Lazar intended to bring any claims against Fidler as an individual; Lazar did not name Fidler as a defendant in the caption, and he did not allege any facts specific to Fidler.

"[I]n general, an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (citing *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).[3]

---

[2]   Lazar was referring to the factual recitation of his arrest and subsequent release. He stated: "I was ordered out of my vehicle, patted down, handcuffed, shoved into and taken in a police van to Police Hqters [sic] in West Sadsbury. No reason for the arrest was given when arrested, and none given during my imprisonment[.] I was released without explanation after about 90 minutes following production of identification document." Compl. at 3.

[3]   There may be an exception to this rule when an amended pleading explicitly seeks to incorporate allegations from a previous pleading. *See W. Run Student Hous.*, 712 F.3d at 171.

Additionally, and importantly, the Court explicitly stated that Lazar was "on notice that any Amended Complaint that he files will completely supersede his initial Complaint; as such, any Amended Complaint must include all relevant factual allegations and legal claims." First Order (02/18/2021) at n.1. For these reasons, Lazar cannot rely on allegations or named defendants contained in his initial Complaint.

To put it simply, Lazar wants this Court to consider both his original Complaint and his Amended Complaint in order to piece together what his claims are, and against whom those claims are made; the Court will not do this. Lazar's Amended Complaint became the sole operative pleading once it was filed. Thus, with respect to this first argument, Lazar has not shown a need to correct a clear error of law or fact to prevent manifest injustice.

B. **Lazar misinterprets *Monell*.**

Lazar next asserts that the Court should reconsider its Second Order (06/17/2021) because it misapplied *Monell*. He argues that *Monell* is "ambiguous" and does not apply to this case. Amend. Compl. at 2. That assertion is not correct. As with the prior section, what follows is largely a restatement of the Court's prior Opinion. *See* ECF No. 19.

Lazar asserts in his Petition that *Monell* stands for the proposition that municipalities have immunity from their employees' actions so long as the municipality has an official policy

---

("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996))). However, this exception does not apply here because Lazar failed to state that he was incorporating any prior allegations or defendants. Additionally, the Court specifically instructed Lazar that he must include all pertinent allegations in his Amended Complaint. *See* ECF No. 13, at n.1. What is more, even if the Court did consider Fidler to be a named defendant in the Amended Complaint, it would still fail to state a claim for the reasons given in the Court's prior opinion, *see* ECF. No. 19, because Lazar's claims against Fidler and the Township are duplicative.

stating such immunity. *Id*. He argues that the Township does not have immunity from its employees' unlawful actions because it does not have an official policy granting its employees the right to "arrest and retain citizens in violation against" the Constitution. *Id*. In reality, *Monell* holds that local governments can be liable as "persons" under §1983; however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986)); *see Monell*, 436 U.S. at 665-83. This limitation is a corollary of the established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original).

To avoid § 1983 municipal liability collapsing into vicarious liability, a § 1983 plaintiff seeking to recover against a municipality must plead facts capable of supporting a plausible inference that the complained-of injury was caused directly by a local government's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."[4] *Harris v. City of Philadelphia*, 171 F. Supp. 3d 395, 400 (E.D. Pa. 2016) (quoting *Monell*, 436 U.S. at 694). That is to say, a municipal policy or custom—as opposed to the independent conduct of a municipal employee—must be the "driving force" behind the alleged harm. *Weston v. City of Philadelphia*, 82 F. Supp. 3d 637, 649 (E.D. Pa. 2015). In this context, a municipal "[p]olicy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation,

---

[4]   A viable § 1983 claim also requires the existence of "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Harris*, 171 F. Supp. 3d at 400 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

policy, or edict." *Does v. Se. Delco Sch. Dist.*, 272 F. Supp. 3d 656, 667 (E.D. Pa. 2017) (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). A municipal custom, on the other hand, "is established 'by showing that a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Kelty v. City of Philadelphia*, No. CV 16-0306, 2016 WL 8716437, at *3 (E.D. Pa. June 10, 2016) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

In the Amended Complaint, there were no allegations that plausibly implicated—let alone identified—any municipal policy or custom whatsoever. The Amended Complaint asserted that "West Sadsbury Police act[] at all times as the Town[ship]'s agent, is paid for it services, takes its orders from, supervised by and is responsible for its actions/inactions to it employer, West Sadsbury Township." Amend. Compl. at 1. Similarly, the sole argument against dismissal was the following:

> The police force known as West Sadsbury Police is employed by the Town of West Sadsbury. The force is commanded by Captain Luke Fidler. Whether West Sadsbury Police is employed by the Town and payed directly from the Town's payroll, or employed on a contractual basis is of no import to the case. The fact is West Sadsbury Police is paid for.its services, takes its orders from, supervised by and is responsible for its actions/inactions to its employer, the Town of West Sadsbury.
>
> Consequently, the Town of West Sadsbury bears direct responsibility for actions of its police force.

Resp. at 1.

From the allegations and arguments against dismissal, it is clear Plaintiff was contending that the Township is liable on a theory of *respondeat superior*. As the Court has explained, "such claims cannot be raised by way of § 1983." ECF No. 12, at 11. Thus, Plaintiff has failed to show that the Court's Second Order (06/17/2021) was based on a clear error of law or fact.

## V. CONCLUSION

Plaintiff has failed to show any of the following: (1) a change in the law; (2) new evidence that was not previously available; or (3) the need to correct a clear error of law or fact to prevent injustice. Consequently, the petition to reconsider brought by Plaintiff is denied, and this case remains closed.

A separate Order follows this Opinion.

                                                  BY THE COURT:

                                                  */s/ Joseph F. Leeson, Jr.*  
                                                  JOSEPH F. LEESON, JR.  
                                                  United States District Judge